

FILED

JUL - 6 2020

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

AMANDA PORTER-ELEY,

    Petitioner,

v.                           CRIMINAL ACTION NO. 4:16-cr-89

UNITED STATES OF AMERICA,

    Respondent.

## *MEMORANDUM OPINION AND ORDER*

Before the Court is Amanda Porter-Eley's ("Petitioner") Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 44. The Government opposed the motion, and Petitioner did not file a reply. ECF Nos. 49. Having been fully briefed, this matter is ripe for judicial determination.

### I. FACTUAL AND PROCEDURAL HISTORY

From April 2012 to August 2016, Petitioner was involved in a fraudulent scheme to use other individual's personal identifying information to open financial accounts, obtain employment, lines of credit, vehicles, and apply for mortgages. ECF No. 17. On July 13, 2017, Petitioner pleaded guilty to two counts in an Indictment charging Petitioner with Bank Fraud, in violation of 18 U.S.C. §§ 1344 and 2, and Aggravated Identify Theft, in violation of 18 US.C. §§ 1028A and 2. ECF Nos. 15–17. On October 26, 2017, this Court sentenced Petitioner to 108 months' imprisonment and five years of supervised release. ECF Nos. 30, 34. Petitioner was also ordered to pay restitution in the amount of $131,709.46. ECF Nos. 32, 34.

Petitioner, age 40, is currently serving her sentence at FMC Carswell located in Texas. ECF No. 44 at 2. According to BOP records, Petitioner has a history of asthma and is currently

1

prescribed an inhaler. Petitioner is scheduled for release on January 31, 2025.

On May 7, 2020, Petitioner filed a *pro se* motion requesting compassionate release. ECF No. 41. Petitioner filed a revised motion, through counsel, on May 28, 2020. ECF No. 44. In support of her motion, Petitioner cites her history with asthma and COVID-19. *Id.* Petitioner indicated that on April 29, 2020, she made a request for compassionate release to the Warden but did not receive a response. *Id.* at 2.

The Government opposed the motion on June 12, 2020. ECF No. 49. Petitioner did not file a reply. On May 29, 2020, Petitioner filed her medical records under seal. ECF Nos. 46, 48.

## II. LEGAL STANDARD

### A. The Exhaustion Requirement

A petitioner may bring a motion to modify his or her sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, A petitioner seeking compassionate release is generally required to exhaust his or her administrative remedies prior to bringing a motion before the district court. *Id.* However, the exhaustion requirement may be waived under the following circumstances: (1) the relief sought would be futile upon exhaustion; (2) exhaustion via the agency review process would result in inadequate relief; or (3) pursuit of agency review would subject the petitioner to undue prejudice. *United States v. Zukerman*, 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020) *citing Washington v. Barr*, 925 F.3d 109, 118 (2d Cir. 2019). The COVID-19 pandemic, which could result in catastrophic health consequences for petitioners vulnerable to infection, implicates all three exceptions justifying the waiver of the exhaustion requirement. *Miller v. United States*, 2020 WL

1814084, at *2 (E.D. Mich. Apr. 9, 2020); *United States v. Zukerman*, 2020 WL 1659880, at *3 (S.D.N.Y. April 3, 2020); *United States v. Perez*, 2020 WL 1456422, at *3–4 (S.D.N.Y. Apr. 1, 2020); *United States v. Gonzalez*, 2020 WL 1536155, at *2 (E.D. Wash. Mar. 31, 2020).

**B. The Compassionate Release Standard**

As amended by the FIRST STEP Act, a court may modify a term of imprisonment on the motion of the petitioner after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling reasons" was previously defined by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. § 1B1.13, Application Note 1. Before the passage of the FIRST STEP Act, the Sentencing Commission provided that a sentence may be modified due to the petitioner's medical condition, age, or family circumstances and further defined the limits under which a sentence reduction may be given under those justifications. U.S.S.G. § 1B1.13, n. 1 (A)–(C). The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n. 1 (D). Use of the "catch-all provision" prior to the FIRST STEP Act was severely restricted because it required approval from the BOP before an individual could petition the district court for relief. *Id.*

However, U.S.S.G. § 1B1.13 is now outdated following the passage of the FIRST STEP Act, which allows individuals to petition the district court directly without clearance from the BOP. As such, U.S.S.G. § 1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *McCoy v. United States*, 2020 WL 2738225, at *4 (E.D. Va. May 26, 2020); *see also United States v. Lisi*, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) ("[T]he Court may

independently evaluate whether [petitioner] has raised an extraordinary and compelling reason for compassionate release ... [but § 1B1.13's policy statement] remain[s] as helpful guidance to courts...."); *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("[T]he Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive"). A petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). In sum, the Court may consider a combination of factors, including but not limited to those listed in U.S.S.G. § 1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i).

### III. DISCUSSION

#### A. The Exhaustion Requirement

There is a dispute about whether Petitioner exhausted her administrative remedies prior to bringing her motion. *Compare* ECF No. 44 *with* ECF No. 49. According to Petitioner, she made a request for compassionate release to the Warden at FMC Carswell on April 29, 2020 and has not received a response. ECF No. 44 at 2. The Government contests that Petitioner made this request noting that the BOP does not have any record of this request and that Petitioner does not have any mailing proof that the request was sent or received. ECF No. 49. Regardless of this dispute, the Court finds that given the COVID-19 pandemic and the catastrophic health consequences it has for inmates with underlying health conditions, the exhaustion requirement is waived in Petitioner's case. *See United States v. Poulios*, N. 2:09-cr-109, 2020 WL 1922775, at *1 (E.D. Va. April 21, 2020); *United States v. Casey*, No. 4:18-cr-4, 2020 WL 2297184, at *2 (E.D. Va. May 6, 2020); *Miller v. United States*, 2020 WL 1814084, at *2 (E.D. Mich. Apr. 9, 2020); *Zukerman*, 2020 WL 1659880, at *3; *United States v. Perez*, 2020 WL 1456422, at *3–4 (S.D.N.Y. Apr. 1, 2020);

*Gonzalez*, 2020 WL 1536155, at *2.

**B. The Compassionate Release Standard**

The Court now considers whether Petitioner has set forth extraordinary and compelling reasons to modify her sentence because of the grave risk COVID-19 poses to individuals with underlying health conditions. During the COVID-19 pandemic, federal courts around the country have found that compassionate release is justified under the circumstances. *Zukerman*, 2020 WL 1659880, at *4 *citing Perez*, 2020 WL 1546422, at *4; *United States v. Colvin*, 2020 WL 1613943, *4 (D. Conn. Apr. 2, 2020); *United States v. Rodriguez,* No. 2:03-CR-00271-AB-1, 2020 WL 1627331, at *7 (E.D. Pa. Apr. 1, 2020); *United States v. Jepsen,* No. 3:19-CV-00073 (VLB), 2020 WL 1640232, at *5 (D. Conn. Apr. 1, 2020); *Gonzalez*, 2020 WL 1536155, at *3; *United States v. Muniz*, No. 4:09-CR-0199-1, 2020 WL 1540325, at *2 (S.D. Tex. Mar. 30, 2020); *United States v. Campagna*, No. 16 CR. 78-01 (LGS), 2020 WL 1489829, at *3 (S.D.N.Y. Mar. 27, 2020). Unlike the above cases however, Petitioner's circumstances do not justify release.

Petitioner claims that she is particularly vulnerable to COVID-19 because she has a reported history of asthma. According to the Centers for Disease Control and Prevention ("CDC"), individuals with certain underlying medical conditions, such as those with moderate-to-severe asthma, are at high risk for serious illness if they contract COVID-19.[1] Petitioner's BOP records shows that Petitioner had childhood asthma for which she is prescribed an Albuterol inhaler. Petitioner's medical records do not indicate that she has moderate-to-severe asthma. Petitioner was never hospitalized for asthma, and her presentence report does not include any history of asthma. Based on Petitioner's medical records, there is also no indication that Petitioner suffered from asthma exacerbation or any particular respiratory issues. *United States v. Belle*, 2020 WL 2129412,

---

[1] Centers for Disease Control and Prevention, "People Who are at Higher Risk," *CDC.gov*, available at https://www.cdc.gov/coronavirus/2019-ncov/specific-groups/people-at-higher-risk.html

at *5 (D. Conn. May 5, 2020). Petitioner's asthma appears well controlled and nothing in the record indicates that the BOP is unable to manage Petitioner's asthma. *United States v. Rodriguez*, No. 16-CR-167(LAP), 2020 WL 1866040, at *4 (S.D.N.Y. Apr. 14, 2020) (denying compassionate release for an inmate with well-controlled asthma during the COVID-19 outbreak). Based on the record, Petitioner has failed to demonstrate that compelling and extraordinary reasons warrant a sentence reduction.

Not only does Petitioner fail to demonstrate extraordinary and compelling reasons warrant a sentence reduction, but also the § 3553(a) factors weigh against Petitioner's compassionate release. Petitioner's criminal history and the seriousness of her conduct remain unchanged. For over four years, Petitioner created and carried out a scheme where she used other individuals' social security numbers to open financial accounts in her own name, obtain employment, lines of credit, vehicles, and apply for mortgages. ECF Nos. 43, 47. This was not the first time Petitioner engaged in fraudulent conduct. Petitioner's criminal history includes multiple misdemeanor convictions for worthless checks, obtaining money by false pretenses, identity theft, and credit card theft. ECF No. 43. Petitioner has felony convictions for credit card fraud, uttering, forgery, obtaining money by false pretenses, credit card theft, and grand larceny. *Id.* Petitioner, age 40, committed the instant offense when she was in her late 30s. Though she has maintained a good disciplinary record in prison, Petitioner has served a small percentage of her term of incarceration implicating the need for deterrence and a sentence that reflects the seriousness of her offense. *See* 18 U.S.C. § 3553(a)(2)(A)–(B). Given Petitioner's criminal history and conduct in the instant case, the Court is not convinced that Petitioner will refrain from engaging in fraudulent activity, and therefore finds that Petitioner remains a danger to the community. The Court therefore finds that compassionate release, resulting in a sentence reduction, is inappropriate.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED**.

Newport News, Virginia
July 6, 2020

/s/
Raymond A. Jackson
United States District Judge